**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-01-1136-02-PHX-SMM |
| Plaintiff/Judgment Creditor, | **ORDER** |
| vs. | |
| Michael Moussa, | |
| Defendant/Judgment Debtor. | |
| _____ | |
| A2Z Phone Repairs, LLC, | |
| Garnishee. | |

This matter arises on Defendant/Judgment Debtor's (hereinafter "Defendant/Debtor") "request for a hearing for the judgement placed on [him] to garnish [his] wages,"[1] filed on April 4, 2016. (Doc. 343.) Plaintiff/Judgment Creditor (hereinafter "Plaintiff/Creditor") filed a Response on April 6, 2016 (Doc. 347), and on April 11, 2016, Defendant/Debtor filed a reply (Doc. 349). The matter was referred to this Court by presiding District Court Judge McNamee on April 14, 2016. (Doc. 350.)

**BACKGROUND**

On April 21, 2003, judgment was entered against Defendant/Debtor for the crimes of Interference with Commerce by Threats and Violence, and Brandishing a Firearm in Connection with a Crime of Violence, as charged in counts 1 and 2 of the indictment, that included an order that he pay restitution in the amount of $1,129,736.14, due immediately.

---

[1] Defendant/Judgment Debtor's request is in letter, not pleading format.

(Doc. 199.) The Court ordered Defendant/Debtor to make payments under the Bureau of Prisons Inmate Financial Responsibility Program and pay the balance of restitution within 90 days of the expiration of supervision. (Id.) The current balance due on the Judgment is $718,825.78. (Doc. 347 at 2.)

On March 15, 2016, the Plaintiff/Creditor filed an Application for Writ of Garnishment pursuant to 28 U.S.C. §3205(c) against Garnishee A2Z Phone Repairs, LLC. (Doc. 333.) On March 16, 2016, the Clerk of Court issued the Writ. (Doc. 338.) On March 18, 2016, copies of the Writ, the Clerk's Notice of Post Judgment Garnishment and Garnishment Instructions to Judgment Debtor were served on the Defendant/Debtor by certified mail. (Doc. 342.) Garnishee has not filed an Answer.

## ANALYSIS

The statute governing enforcement of judgments contains a provision relating to objections to garnishment and requests for hearing that provides:

> By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. The court that issued such order shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within five days after receiving the request or as soon thereafter as possible. The issues at such hearing shall be limited-
>
> (1) to the probable validity of any claim of exemption by the judgment debtor;
> (2) to compliance with any statutory requirement for the issuance of the post judgment remedy granted; and
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to-
>
> (A) the probable validity of the claim for the debt which is merged in the judgment; and
> (B) the existence of good cause for setting aside such judgment.

28 U.S.C. §3202(d).

Defendant/Debtor does not cite any of the reasons identified in this statute as a basis for his request for a hearing. Defendant/Debtor admits that he is "not challenging the courts procedures, laws or statue's, to collect restitution outlined by cases stated in the Plaintiff's copy to dismiss [his] hearing." (Doc. 348 at 3.). He asserts that his "basis for requesting

a hearing is to allow the court, the Plaintiff, and defendant to come to a resolution about how much I could afford to pay towards the financial obligation set forth by the court that satisfies all parties without further delay based on my current financial income." (Id.) Debtor is essentially requesting a hearing to have his restitution payment reduced. This is not a proper basis for a hearing pursuant to 28 U.S.C. §3202(d).

Accordingly, as Defendant/Debtor has not identified a basis for a hearing on the Writ of Garnishment, his request for a hearing should be denied.

**IT IS THEREFORE ORDERED** denying Defendant/Debtor's request for a hearing (Doc. 343).

DATED this 25th day of April, 2016.

Michelle H. Burns
United States Magistrate Judge