**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR-01-1136-02-PHX-SMM |
| Plaintiff/Judgment Creditor, ) | **ORDER** |
| vs. ) | |
| Michael Moussa, ) | |
| Defendant/Judgment Debtor. ) | |
| _____ ) | |
| Moussa Enterprise, L.L.C., ) | |
| Garnishee. ) | |

This matter arises on Defendant/Judgment Debtor's (hereinafter "Defendant/Debtor") "request for a hearing for the judgement placed on [him] to garnish [his] wages,"[1] filed on April 4, 2016. (Doc. 344.) Plaintiff/Judgment Creditor (hereinafter "Plaintiff/Creditor") filed a Response on April 6, 2016 (Doc. 346), and on April 11, 2016, Defendant/Debtor filed a reply (Doc. 348). The matter was referred to this Court by presiding District Court Judge McNamee on April 14, 2016. (Doc. 350.)

**BACKGROUND**

On April 21, 2003, judgment was entered against Defendant/Debtor for the crimes of Interference with Commerce by Threats and Violence, and Brandishing a Firearm in Connection with a Crime of Violence, as charged in counts 1 and 2 of the indictment, that included an order that he pay restitution in the amount of $1,129,736.14, due immediately.

---

[1]Defendant/Judgment Debtor's request is in letter, not pleading format.

1  (Doc. 199.) The Court ordered Defendant/Debtor to make payments under the Bureau of
2  Prisons Inmate Financial Responsibility Program and pay the balance of restitution within
3  90 days of the expiration of supervision. (Id.) The current balance due on the Judgment is
4  $718,825.78. (Doc. 346 at 2.)

5  On March 15, 2016, the Plaintiff/Creditor filed an Application for Writ of
6  Garnishment pursuant to 28 U.S.C. §3205(c) against Garnishee Moussa Enterprise, L.L.C.
7  (Doc. 332.) On March 16, 2016, the Clerk of Court issued the Writ. (Doc. 335.) On March
8  18, 2016, copies of the Writ, the Clerk's Notice of Post Judgment Garnishment and
9  Garnishment Instructions to Judgment Debtor were served on the Defendant/Debtor by
10 certified mail. (Doc. 339.) On April 1, 2016, the Garnishee's statutory agent, Abdelmasih
11 Moussa, submitted an Answer to the Writ, indicating that the Garnishee was a business
12 venture that started in 2013 and closed down after one months. (Doc. 345.) He further
13 stated that Defendant/Debtor "has never gained any profits, monies or even settlement
14 reimbursement due to the financial litigations office decision to withhold his investment
15 share." (Id.) He also indicated that Defendant/Debtor has not been an employee since 2013.
16 (Id.)

## ANALYSIS

The statute governing enforcement of judgments contains a provision relating to objections to garnishment and requests for hearing that provides:

> By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. The court that issued such order shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within five days after receiving the request or as soon thereafter as possible. The issues at such hearing shall be limited-
>
> (1) to the probable validity of any claim of exemption by the judgment debtor;
> (2) to compliance with any statutory requirement for the issuance of the post judgment remedy granted; and
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to-

\\\
\\\

          (A) the probable validity of the claim for the debt which is merged in the judgment; and
          (B) the existence of good cause for setting aside such judgment.

28 U.S.C. §3202(d).

Defendant/Debtor does not cite any of the reasons identified in this statute as a basis for his request for a hearing. Defendant/Debtor admits that he is "not challenging the courts procedures, laws or statue's, to collect restitution outlined by cases stated in the Plaintiff's copy to dismiss [his] hearing." (Doc. 348 at 3.). He asserts that his "basis for requesting a hearing is to allow the court, the Plaintiff, and defendant to come to a resolution about how much I could afford to pay towards the financial obligation set forth by the court that satisfies all parties without further delay based on my current financial income." (Id.) Debtor is essentially requesting a hearing to have his restitution payment reduced. This is not a proper basis for a hearing pursuant to 28 U.S.C. §3202(d).

A debtor has the right to object to an answer that is filed by a garnishee in response to a Writ of Garnishment and to request a hearing, pursuant to 28 U.S.C. §3205(c)(5), which provides that "[w]ithin 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing, . . .stat[ing] the grounds for the objection." Defendant/Debtor admits he is not objecting to the Garnishee's Answer, and in fact, agrees with the statements made by the Garnishee that Defendant/Debtor is not an employee or otherwise owed earnings, and that the Garnishee, Moussa Enterprise, L.L.C., operated for only one month in 2013 and then was shut down, and that Defendant/Debtor never gained any profits, monies or reimbursements from Garnishee. Thus, because Defendant/Debtor is not objecting to the Answer filed by Garnishee, he is not entitled to a hearing pursuant to 28 U.S.C. §3205(c)(5).

Accordingly, as Defendant/Debtor has not identified a basis for a hearing on the Writ of Garnishment, or the Answer, his request for a hearing should be denied.

\\\

\\\

\\\

1 **IT IS THEREFORE ORDERED** denying Defendant/Debtor's request for a hearing
2 (Doc. 344).
3    DATED this 25th day of April, 2016.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge